UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORETTA JEAN ALFORD, )<br>)<br>Plaintiff, )<br>)  Civil Action No.  22-3753 (UNA)<br>)<br>)<br>JEFFREY KOSES *et al.*, )<br>)<br>Defendants. ) | |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint for Violation of Civil Rights Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither plainly nor concisely stated."  *Jiggetts v. District of Columbia*,

319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (cleaned up).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Woodbridge, Virginia, has submitted a 25-page rambling complaint against twelve defendants and 525 pages of exhibits.  The complaint appears to arise from events that took place in an employment setting years ago, but it fails sorely to provide adequate notice of a claim and the basis of federal court jurisdiction.  Consequently, this case will be dismissed by separate order.

Date: February 7, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge